IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID GROSZEWSKI,

Plaintiff,

v.

POLK COUNTY JAIL,

Defendant.

OPINION and ORDER

26-cv-986-jdp

---

Plaintiff David Groszewski, proceeding without counsel, is a prisoner at Stanley Correctional Institution. Groszewski alleges that he broke his leg while incarcerated at the Polk County jail and that jail staff delayed providing him medical treatment. He has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Groszewski's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss Groszewski's complaint because it doesn't properly state any claims for relief. But I will give him a chance to file an amended complaint.

ANALYSIS

Groszewski says that he broke his leg near the ankle while in custody at the Polk County jail, which caused severe pain and swelling and rendered him unable to walk. Nevertheless, staff waited an entire day before taking him to the hospital for treatment. Dkt. 1.

Groszewski's allegations might support federal constitutional claims for inadequate medical care. But Groszewski names only the jail itself as a defendant, and not any staff member responsible for his alleged mistreatment. Liability for claims like these brought under 42 U.S.C. § 1983 are generally limited to defendants with personal involvement in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Without naming as defendants the jail officials responsible for his mistreatment, he cannot proceed on any constitutional claims against them.

I will assume that by naming the jail, Groszewski means to sue Polk County under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). But he can sue the county under a *Monell* theory only if the alleged constitutional violations resulted from a county policy, widespread practice, or decision by a county policymaker. Groszewski's allegations don't suggest that that's the case.

Because Groszewski's complaint doesn't properly state any claims for relief, I will dismiss it. But I will give him a short time to submit an amended complaint fixing his pleading problems. In drafting his amended complaint, Groszewski should be sure to:

- Identify by full name all the individuals whom he wishes to sue in the amended complaint's caption.
- Carefully consider whether he is naming proper defendants and omit defendants who did not participate in a violation of his rights.
- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

If Groszewski fails to submit an amended complaint by the deadline set below, I will dismiss the entire case. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until November 18, 2026, to submit an amended complaint as explained in the opinion above.

Entered October 28, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge